UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHERYL GREGORY, JAMES
J. PEREZ, PAUL ROSENKRANZ,
DAVID NEFF and MARY HEBIG,

                                    **Court File No. 09-cv-00691(PAM/LIB)**

            Plaintiffs,

On behalf of themselves and
all others similarly situated,

                                    **ORDER PRELIMINARILY**

   v.                                   **APPROVING CLASS**

                                    **SETTLEMENT**

EBF & ASSOCIATES, L.P.,
a Delaware Limited Partnership,

           Defendant.

_____

      This matter came before the Court upon motion under Fed.R.Civ.P. 23 for preliminary approval of the proposed settlement ("Proposed Settlement")

1

[DOCKET No. 148], set forth in a Settlement Agreement and General Release of All Claims signed by Plaintiffs and Defendant, through their counsel of record, and dated various dates in May, 2011 (hereinafter referred to as, the "Settlement Agreement"). Appearances were as noted in the record.

The Court has heard arguments of counsel, reviewed the Settlement Agreement, its exhibits and other submissions of the parties, and it has considered all of the files, records and pleadings in this action.

**IT IS HEREBY ORDERED** under Fed.R.Civ.P. 23 that:

1. The representations, agreements, terms and conditions of the parties' Proposed Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved as being fair, reasonable and adequate to the Plaintiffs and the Class Members, pending a final hearing on the Proposed Settlement as provided herein. The Parties and shall proceed to implement the Proposed Settlement in accordance with the terms of the Settlement Agreement and this Order. Pursuant to the terms of the Settlement Agreement, Class Counsel, Mark J. Berkowitz, is to act as the Claims Administrator.

2. A majority of the named Plaintiffs are authorized to enter into the Settlement Agreement on behalf of the Class Members, and to bind each of the Class Members to all of the duties and obligations contained

herein, subject to final approval by the Court following the Final Settlement Hearing described below.

3. Pursuant to the Settlement Agreement, Class Counsel, Mark J. Berkowitz, is responsible for administering the terms of the Settlement, for the purpose of executing the duties and responsibilities set forth in the Settlement Agreement and any other agreement between the Plaintiffs, EBF & Associates, L.P., and Class Counsel, subject to supervision by the Court.

4. Class Counsel, acting as the Claims Administrator, shall open and maintain an Escrow Account to receive and hold the Settlement Fund and other funds described in the Settlement Agreement. Class Counsel, acting as the Claims Administrator, shall not disburse or cause to be disbursed any funds in the Escrow Account, except pursuant to an order issued by the Court.

5. After reviewing the proposed form of Notice of Proposed Settlement of Class Action and Hearing, submitted by the parties as **EXHIBIT A** to the AFFIDAVIT of Mark J. Berkowitz in Support of the Motion for Preliminary Approval of Settlement ("Settlement Notice"), the Court hereby approves such Settlement Notice.  The Court hereby directs that Class Counsel, acting as Claims Administrator, shall mail or cause the Settlement Notice to be mailed, to all Class Members. Class Counsel,

      acting as Claims Administrator, is hereby authorized to use reasonable efforts to update or correct the original mailing list with respect to addresses that Class Counsel, acting as Claims Administrator, has reasonable cause to believe are inaccurate or incomplete. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Counsel, acting as Claims Administrator, shall forward any such returned Notice to the forwarding address within five days of receipt. Class Counsel, acting as Claims Administrator, shall have no obligation for any further mail forwarding after that point.

6. The Court finds and determines that the mailing of the Settlement Notice constitutes the best notice to the Class Members, which is practicable under the circumstances, and constitutes due as well as sufficient notice of the matters set forth to all persons entitled to receive such notice and the providing of such notice fully satisfies the requirements of due process and the requirements of Fed.R.Civ.P. 23.

7. A hearing will be held before the Honorable Paul A. Magnuson at the United States Courthouse, 316 N. Robert Street, Courtroom 7D, St. Paul, Minnesota 55101, on September 22, 2011, at 10:00 a.m. ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement

should be finally approved as fair, reasonable, adequate and in the best interests of the Class: (b) whether a final judgment should be entered dismissing the claims of Plaintiffs and of the Class Members with prejudice and on the merits, as required by the Settlement Agreement, and releasing claims as required by the Settlement Agreement; and (c) whether, and in what amount, to award attorneys' fees and expenses to Class Counsel (from the Total Payment by EBF) and an incentive fee to the Class Representatives (from the Total Payment by EBF). The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8. Any Class Member who wishes to:

(a) Object to the settlement;

(b) Object to the award of attorneys' fees and expenses to Class Counsel under the Fees, Costs and Expense Petition;

(c) Object to the award of an Incentive Payment to the Class Representatives; and/or

(d) Appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why a final judgment should not be entered thereon,

must serve and file a written objection and/or notice of intention to appear in the form and manner required by the Settlement Notice. Any such objection or notice of intention to appear must be addressed to the Clerk of the District Court; it must refer to the action entitled, Cheryl

5

Gregory, et al. v. EBF & Associates, L.P., Case No. 09-cv-00691; it must be received by the Clerk of the District Court no later than 30 calendar days prior to the Final Settlement Hearing; it must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefore; and it must include all documents and other writings such person wishes the Court to consider. Copies of all materials also must be served upon the following counsel on or before the same date:

Mark J. Berkowitz, Class Counsel, 1620 W. Oakland Park Blvd., Suite 300, Ft. Lauderdale, FL 33311, Telephone (954) 527-0570, Telecopier (954) 915-3072.

Patrick Martin, Counsel for Defendant, EBF & Associates, L.P. Ogletree Deakins, et al., 90 S. 7th Street, Suite 3800 Wells Fargo Center, Minneapolis, Minnesota 55402, Telephone (612) 339-1818, Telecopier (612) 339-0061.

Any party wishing to file a response to an objection to the settlement and/or the award of attorneys' fees and expenses to Class Counsel under the Fees, Costs and Expense Petition and/or the award of an Incentive Payment to the Class Representatives shall file a written response no later than seven days prior to the Final Settlement Hearing and serve a copy of said response upon counsel listed above and on the party or counsel objecting to the settlement and/or the award of fees and expenses.

9. Any Class Member wishing to "opt out" or be excluded from the settlement must send a letter to Class Counsel and Defense counsel for EBF & Associates, L.P., at the following addresses:

   Mark J. Berkowitz, Class Counsel, 1620 W. Oakland Park Blvd., Suite 300, Ft. Lauderdale, FL 33311, Telephone (954) 527-0570, Telecopier (954) 915-3072.

   Patrick Martin, Counsel for Defendant, EBF & Associates, L.P. Ogletree Deakins, et al., 90 S. 7th Street, Suite 3800 Wells Fargo Center, Minneapolis, Minnesota 55402, Telephone (612) 339-1818, Telecopier (612) 339-0061.

   The letter must include the Class Member's name, address, telephone number and signature, and it must be postmarked no later than 30 calendar days after Class Counsel, acting as Claims Administrator, mails the Settlement Notice to the Class Members (the "Opt-Out Deadline"). Class Members may not opt out or exclude themselves from the settlement by telephone or e-mail.

10. No person shall be entitled to object to the Proposed Settlement, to the Final Judgment to be entered in this action, or to any award of attorneys' fees and expenses to Class Counsel or award of incentive payments to the Class Representatives, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, by the date, required by the Settlement Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever

barred from raising such objections in this or any other action or proceeding.

11. From this date until the Court enters its order determining whether a Final Judgment should be entered on the terms required by the Settlement Agreement, Plaintiffs and all Class Members are barred and enjoined from bringing, joining, or continuing to prosecute any Settled Claims against EBF & Associates, L.P.

12. Upon the entry of Final Judgment after the Final Judgment Hearing, the Plaintiffs and all Class Members shall forever be barred from asserting any Settled Claims (as defined in the Settlement Agreement) against EBF & Associates, L.P.

13. On or before 14 days prior to the Final Settlement Hearing, Class Counsel shall file and serve upon counsel of record a petition in support of an award of attorneys' fees, costs and expenses to class counsel and a petition in support of an award of any incentive payment to the Class Representatives. In addition, on or before 14 days prior to the Final Settlement Hearing, Class Counsel shall submit a final approval memorandum discussing the fairness of the settlement, any comments received by Class Counsel regarding the settlement, and any filed objections to the settlement. The final approval memorandum shall also set forth the method that Class Counsel, acting as the Claims

Administrator, will use in calculating the payment to be made to each Class Member.

14. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any later hearing.

Date:   May 25 , 2011.

**BY THE COURT**

 s/Paul A. Magnuson
Hon. Paul A. Magnuson
United States District Court Judge